WRIGHT, *Ap't*, *v.* DELANO, *Guard.*

The appointment of a guardian over an apprentice, does not, *ipso facto*, terminate the contract of apprenticeship, nor deprive the master of the services of the apprentice.

The master has no such legal interest in the appointment of a guardian over an apprentice as entitles him to appeal from the decree of the probate court appointing a guardian.

When there is no stipulation for any definite period of service in an indenture of apprenticeship, either party may terminate the contract at pleasure.

SMITH, J. The plaintiff appeals from the decree of the probate court made July 2, 1881, appointing the defendant guardian of Sarah L. Rich, an infant then under the age of fourteen years. The reasons of appeal assigned are,—1, because there was no occasion for the appointment of a guardian; 2, because the ward was apprenticed and indentured to the plaintiff, who is her nearest relative in this state, and had no notice of the appointment; 3, because in his belief the appointment was procured by a conspiracy for the purpose of depriving the plaintiff of the custody and services of his apprentice without any good reason.

The following facts were found by the court at the trial term: The defendant's ward became fourteen years of age July 5, 1882. She was brought into this state by the plaintiff from Wisconsin about four years since (1878), and has resided in the family of the defendant during the last year (1881–'2). The plaintiff married the aunt of the defendant's ward, who died some four years ago, and before his removal to this state. The plaintiff claims control of the child under an indenture made in Wisconsin, and by virtue of the relationship arising from his marriage. The indenture, which is made a part of the report, bears date January 2, 1878, and by it the child, then of the age of nine years, five months, and twenty-seven days (as therein stated), binds herself as an apprentice to the plaintiff to learn the art of a housekeeper for a time not fixed by the indenture. By it the plaintiff agrees to instruct her in the art of a housekeeper, to provide for her support and education in reading, writing, and the ground rules of arithmetic, and at the expiration of her service to give her a new Bible. Her father consented in writing to the indenture.

It does not appear from these facts that the decree of the probate court was erroneous, or that the plaintiff had any legal interest in the appointment of a guardian, much less any interest that was concluded by the decree. *Waldron* v. *Woodman*, 58 N. H. 15. His marriage with the ward's aunt, since deceased, did not constitute him the child's natural guardian. He is in no way

related to her.    No notice of the appointment was necessary.    G. L., c. 192, s. 2.

How far the ward is bound by the indenture of apprenticeship, entered into by her at the tender age of nine years, we need not inquire.    There being no stipulation for any definite period of service, either party might terminate the contract at pleasure; and it seems to have been practically terminated more than a year since.    But if it is still in force, the appointment of a guardian does not, *ipso facto*, terminate the contract, nor deprive the plaintiff of the services of the apprentice.    A guardian has duties to perform which may bring him in conflict with the master of his ward.    It is made his duty to inquire into the usage of his ward by his master, to defend him from his cruelty, neglect, or breach of covenant, and to make complaint thereof to a justice.    G. L., c. 187, s. 7.    It is made his duty to inculcate habits of sobriety and industry in his ward, and he may employ him in a suitable labor, or bind him out to labor for a term not exceeding one year, under certain restrictions.    G. L., c. 185, s. 15.    An oppressive master, if allowed to nominate a guardian for his apprentice, would be interested to secure the appointment of one who might act in the interest of the master rather than in that of the ward.    It does not appear in this case that any harm would have resulted from consulting the plaintiff in the appointment of a guardian over his apprentice.    But inasmuch as the interests of a master and his apprentice are conflicting, or may conflict, the master certainly does not possess the exclusive legal right to judge of the necessity for the appointment of a guardian, or to dictate the nomination of one.    If he could, it might not be possible to give full effect to the statutory provisions for the protection of children bound out to service.

It was stated in the argument, and admitted, that the mother of this child is dead, and that the father is living in Wisconsin. Enough appears to show us that the child was in need of a guardian.    2 Sto. Eq. Jur., s. 1341.

The report contains no facts in support of the third cause of appeal, and there is no occasion to inquire whether it states any legal reason for an appeal.

*Appeal dismissed with costs.*

BLODGETT, J., did not sit: the others concurred.

*J. L. Spring* and *G. A. Bingham*, for the plaintiff.

*W. H. Cotton* and *Shirley & Carr*, for the defendant.